IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CORDELL MOODY** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-cv-00729-M |
| | § | |
| **Z. FOWLER, JOHN ATTANASIO and SMU,** | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS' BRIEF IN SUPPORT OF
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND 28 U.S.C. 1915(e)

Defendants Southern Methodist University, a Texas non-profit corporation ("SMU"), Dean John Attanasio, and Officer Zachary Fowler file this Brief in Support of its Motion to Dismiss Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. 1915(e) and respectfully submit the following:

### I.   PROCEDURAL HISTORY

Plaintiff Cordell Moody ("Plaintiff" or "Moody") filed a handwritten document labeled "Plaintiff's Original Complaint" on March 10, 2010, in the 95th District Court of Dallas County, Texas alleging that SMU denied him the right "to a fair education" in violation of the First, Forth, Sixth, Eighth, Thirteenth, Fourteenth, or Fifteenth Amendments of the United States Constitution.  Complaint at pp. 4, 8.  Moody also apparently claims Defendants' actions violated 42 U.S.C. 1985(3).  Complaint at p. 8.  Moody filed the suit *in forma pauperis,* did not pay a filing fee, and filed an affidavit of inability to pay costs.  *See generally*, Affidavit of Inability to Pay Costs.  On April 9, 2010, all Defendants removed this case to the United States District Court for the Northern District of Texas, Dallas Division, relying on this Court's federal question

jurisdiction. Plaintiff's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted and under 28 U.S.C. 1915(e) as frivolous and malicious.

## II.  PLAINTIFF'S LENGTHY HISTORY OF FRIVOLOUS LAWSUITS

Although Plaintiff Moody signed his Original Complaint as a "Civil Rights Attorney," Moody is not admitted in the State of Texas to practice law. Complaint pp. 9, 10. However, as Judge Sanderson aptly stated, Moody is "well known to other federal district courts in Texas for his abuse of the judicial process" *Moody v. Behjoo*, No. 3-04-MC-107-H, 2005 WL 65954 at * 1 (N.D. Tex. Jan. 11, 2005), rec. adopted, 2005 WL 169341 (N.D. Tex. Jan. 25, 2005); *see also Moody v. Miller*, 864 F.2d 1178 (5th Cir. 1989) (noting Moody's 23 cases); *Moody v. Baker*, 857 F.2d 256, 257 (5th Cir. 1988) (noting Moody's 24 cases). Similarly, just three months ago Judge Kaplan noted that "Plaintiff is no stranger to the civil justice system. Since 1989, he has been sanctioned three times by courts in the Eastern District of Texas, 11 times by courts in the Southern District of Texas, and three times by the Fifth Circuit for abuse of the judicial process . . ." *Moody v. John A. et al.*, No. 3-10-CV-00052-TJW-CMC, Mag. J. Rec. at *1 (N.D. Tex. Jan. 15, 2010, rec. adopted, Feb. 12, 2010); *see also Behjoo*, 2005 WL 65954 at * 1 (summarizing plaintiffs litigation history and outstanding sanctions orders). Indeed, nearly three pages of Moody's ten page complaint are dedicated to listing his prior civil cases. Complaint at pp. 5-7.

Just three weeks ago Judge Folsom dismissed another of Moody's cases and further sanctioned him, noting that Moody states he is an "incompetent person" and that he is "not concerned about sanctions." *Moody v. Jones*, 5:09-cv-00183-DF-CMC, Mem. Order at * 3 (E.D. Tex. Mar. 23, 2010). Indeed, Judge Folsom's opinion warned that Moody intended to continue his campaign of frivolous lawsuits, quoting Moody as stating he will be filing "lawsuits to the

end of the world . . . I guess [sic] the Courts will be filing sanctions and frivolous against me until the end of the world. Because I won't [sic] stop, I won't [sic] give up . . . no prisons won't [sic] stop me, Moody from filing for my rights . . . ." *Id*. at * 2.  Apparently, Moody believes "judges have dismissed his lawsuits because they are scared of his legal skills."[1] *Id*. at *3.

Most recently, Moody has turned to the state courts, filing two suits in Dallas County state court against the State of Texas and what he calls the State of Texas Unsafe Drivers.  In both cases, Craig Watkins, the Dallas County Criminal District Attorney, moved to have Moody declared a vexatious litigant in accordance with Chapter 11 of the Texas Civil Practice Rem. Code.  On April 12, 2010, Judge Kent Sims issued an order declaring Moody a vexatious litigant, requiring him to post a $2000 bond, and prohibiting him from filing any new lawsuit in any court in Texas without permission from the local administrative judge.  *Moody v. Texas*, DC-10-01788, Order (44th Judicial District of Dallas County, April 12, 2010).

### III. DISMISSING AS FRIVOLOUS UNDER 28 U.S.C. 1915(e).

A complaint filed *in forma pauperis* shall be dismissed if the complaint is frivolous.  28 U.S.C. § 1915(e).  "[A] litigant whose filing fees and court costs are assumed by the public,

---

[1] Moody also claimed:

> [D]efendants, judges Magistrates or whatever are scared, fear Moody's legal work, skills of a professional pro se Civil Rights Attorney who helped Attorney Jonnie Cochran with some of O.J. Simpson cases. . . . Moody is . . . the greatest pro se Civil Rights Attorney that ever lived.

*Id*. at *3.

Similar non-relevant claims appear in this lawsuit.  For instance, Moody states his "BIRTHDAY DECEMBER 5 of 2011 will be a legal holiday.  For 50 years of pro se civil rights attorney." Complaint at p. 8 (emphasis and capitalization in original).  Additionally, Moody alleges to be assisting other parties in other civil rights cases and states the following conversation occurred with one of those parties:

> Moody, man you is good man you is professional in your law work.  Plaintiff said yes I should be good I been studying law for fifty years (50) years and they said Moody's cousin attorney Johnnie Cochran Jr, law knowledge rubed off on Moody.  Moody said Ms. Sherris I am older than Cousin Johnnie Cochran.  So my law knowledge rubed off on Cousin Johnnie Cochran.

Complaint at p. 2-3 (misspellings and grammatical errors in original).

unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). "In response to this concern, Congress included subsection (d) [now (e)] as part of the statute, which allows the courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious." *Id*. "A complaint is frivolous where it lacks an arguable basis either in law or in fact." *Marts v. Times Picayune Publishing Co.*, 47 F.3d 423 (table), 1995 WL 70879, at *1 (5th Cir. 1995) (citing *Denton*, 504 U.S. at 32). The *in forma pauperis* statute adds to the authority of Rule 12(b)(6) because it "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton*, 504 U.S. at 32 (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)). "Examples of the latter class," the Supreme Court has said, "are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id*. "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*. at 33. Moody's suit is precisely such a case.

The Fifth Circuit has previously ruled that Moody's "score-plus prior frivolous complaints undermines his credibility, occasioning a close scrutiny of his pleadings." *Moody v. Baker*, 857 F.2d at 257; *see also Moody v. Miller,* 864 F.2d at 1179 n.1 ("we take Moody's lack of success in substantiating past claims into account in assessing Moody's credibility in the instant case."). Indeed, the Fifth Circuit noted that Moody could be sanctioned without notice because "the complaint is merely the latest in a string of [constitutional] filings, nearly all of which were dismissed as frivolous." *Moody v. Baker*, 857 F.2d at 258. In yet another case, the Fifth Circuit noted that Plaintiff had filed twenty-three complaints during the previous three

years and affirmed the dismissal of the complaint as frivolous and the imposition of sanctions. *Moody v. Miller*, 864 F.2d 1178. Other courts have likewise noted the frivolous nature of Moody's pleadings and barred him from filing new suits. *Jones*, 5:09-cv-00183-DF-CMC, Mem. Order at * 6; *Moody v. Warren*, Civil Action No. 2:93cv113 (E.D. Tex., dismissed September 8, 1993), *Moody v. Raspberry*, CA 2:93cv127 (E.D. Tex., dismissed as frivolous on October 7, 1993).

The irrational and incredible nature Moody's claims in this suit are obvious from the face of the Complaint itself. The Complaint is disjointed, contains many lengthy and senseless asides, and is constantly switching from the first to the third person. Moody's Complaint claims that Moody (a convicted felon) is a current law student at SMU and that he was at SMU studying for the bar examination [Complaint at p. 2], contains a lengthy section discussing all of the Plaintiff's previous civil rights "wins" [Complaint at pp. 5-7], a section on Moody's connection with attorney Johnnie Cochran [Complaint at p. 3], a request that Plaintiff's birthday be made a national holiday [Complaint at p.8], a request that Defendants be fired, ordered to conduct community service, and sent to anger management classes [Complaint at p.9], and other such claims and requests against Defendants - precisely the types of fantastic and delusional scenarios 28 U.S.C. 1915(e) was intended to prevent. Given Moody's history and the outlandish claims in this case, his claims should be dismissed in accordance with 28 U.S.C. 1915(e).

### IV.  MOTION TO DISMISS STANDARD UNDER 12(B)(6)

Plaintiff has not stated a claim on which relief can be granted by alleging that SMU, Dean Attanasio, or Officer Fowler have denied him a "right" to a "fair education" in violation of First, Forth, Sixth, Eighth, thirteenth, Fourteenth, or Fifteenth Amendments of the United States Constitution. Complaint pp. 4, 8. Federal Rule of Civil Procedure 12(b) permits dismissal when the claimant fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

In considering a motion to dismiss, a court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal citations omitted). Legal conclusions, as opposed to factual assertions, are not entitled to the assumption of truth in the Rule 12(b)(6) context. *Id*. at 555; *Ashcroft v. Iqbal*, 2009 WL 1361536 at *13, 129 S.Ct. 1937, 1949-50 (May 18, 2009). A "formulaic recitation of the elements of a constitutional discrimination claim . . . are conclusory and not entitled to be assumed true." *Iqbal*, 2009 WL 1361536, at *14. Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Iqbal*, 2009 WL 1361536 at *13.

## V.  ARGUMENT AND AUTHORITIES

**A.  Moody's case should be dismissed for failure to comply with sanctions.**

Moody owes a considerable amount in outstanding sanctions. *See Jones*, 5:09-cv-00183-DF-CMC, Mem. Order at * 6 (listing sanctions); *John A*., No. 3-10-CV-00052-TJW-CMC, Mag. J. Rec. at *2 (noting outstanding sanctions); *Behjoo*, No. 3-04-MC-107-H, 2005 WL 65954, at Attachment I (listing outstanding sanctions). In March of this year, the Eastern District of Texas held that Moody "is prohibited from proceeding with any civil action in this Court until all sanctions imposed against him have been satisfied." *Jones*, 5:09-cv-00183-DF-CMC, Mem. Order at * 6. Additionally, the United States District Court for the Eastern District of Texas has long required Moody to seek leave from district judge in order to file a case, however due to

repeated filings, Judge Folsom recently expanded this sanction, ruling that if a "civil action is properly removed or transferred to this Court, the case will be subject to summary dismissal . . ." *Id*. at 4-6.

Earlier this year, this Court dismissed another case brought be Moody for his failure to comply with the sanctions due in the Eastern District of Texas.[2]  *John A.*, No. 3-10-CV-00052-TJW-CMC, Mag. J. Rec. at *2 (N.D. Tex. Jan. 15, 2010, rec. adopted, Feb. 12, 2010).  In doing so, this Court held that it was "required to enforce sanctions against litigants imposed by other federal courts in Texas."  *Id*. (citing Misc. Order 48 (1993)).  Because Moody still owes considerable sanctions in the other federal courts in Texas and because the Eastern District has now expanded its sanction to include dismissal of cases removed to federal court, this Court should dismiss this case for Moody's failure to pay sanctions.

**B.  Moody failed to plead a claim under 42 U.S.C. 1985(3).**

As the Fifth Circuit has noted, Moody's claims are not a "model of clarity."  *Moody*, 864 F.2d at 1179.  Moody's sole reference to 42 U.S.C. 1985(3) related to any facts appears as a citation following a sentence alleging that someone at SMU apparently hung up on Moody after he called and asked to be permitted to take the bar examination.[3]  Complaint at p. 8.  Moody has not properly plead a violation of 42 U.S.C. § 1985(3).[4]  "[V]ague and conclusory assertions do

---

[2] In recent years, many other of Moody's cases have been dismissed for his failure to comply with sanctions.  *See, e.g., Moody v. Director*, TDCJ-CID, Civil Action No. 2:04cv416 (E.D. Tex. Dec. 7, 2004); *Moody v. Security State Bank, et al.*, Civil Action No. 2:05cv52 (E.D. Tex. Feb. 17, 2005); *Moody v. James P. Finstorm, et al*., Civil Action No. 2:05cv51 (E.D. Tex. Feb. 23, 2005).

[3] It is worth noting that the Texas bar examination is given by the Texas Board of Bar Examiners acting under the authority of the Texas Supreme Court, and neither SMU, nor any of its employees has any control over who may sit for the examination.  *See generally* Tex. Govt. Code 82.  It is the Texas Board of Bar Examiners exclusively that determines "the eligibility of candidates for examination for a license to practice law in this state."  Tex. Govt. Code 82.004.  And only the Texas "supreme court may issue licenses to practice law."  Tex. Govt. Code 82.021.

[4] Moody also references 42 U.S.C. § 1983 on page 5 of his Complaint in a four page long sting citation of what he refers to as civil rights cases.  It is unclear if Moody is asserting a claim under 1983, but to the extent he is, those claims should also be dismissed for the same reasons set forth in this brief.

DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND 28 U.S.C. 1915(E) - PAGE 7

not satisfy the state action and detailed pleading prerequisites of 42 U.S.C. §§ 1983 and 1985, as courts have consistently required." *Carr v. Times Picayune Pub. Corp.*, 619 F.Supp. 94, 97 (5th Cir. 1985) (citing *Shelley v. Kraemer*, 334 U.S. 1(1948) and *Evans v. Abney*, 396 U.S. 435 (1970)). "Numerous courts have granted motions to dismiss for failure to state a claim on the grounds that the plaintiff's civil rights claims consisted of bald conclusory statements devoid of factual basis." *Id*. Moody has failed to plead the required elements. Additionally, Moody's conclusory statements without factual basis are frivolous and fail to state a claim. *Id*.; *see also Moody v. Baker*, 857 F.2d 256, 258.

Moody failed to plead who was involved in the conspiracy. "An essential ingredient of a § 1985(3) claim [is] participation by two or more persons." *Green v. State Bar of Texas*, 27 F.3d 1083, 1089 (5th Cir. 1994). Instead of pleading who conspired, Moody generally claims that "Defendants of (SMU) [sic] denied plaintiff Moody equal privileges to a college education." Complaint at p. 8. This broad allegation is insufficient to state a claim against Defendants. And even assuming Moody is claiming that the three co-Defendants conspired with one another, those allegations fail to state a claim for which relief can be granted because Moody admits that Dean Attanasio and Officer Moody are employees of SMU and that they were acting in their capacity as employees.[5] Therefore, as a matter of law, SMU and its employees constitute a single entity, which cannot conspire with itself. *Garza v. U.S. Marshals Service*, 2008 WL 501292, at *5 n.2 (S.D. Tex. Feb. 21, 2008) (municipalities and its employees are a single legal entity incapable of conspiring it itself); *Crouch v. Trinque*, 262 S.W.3d 417, 426-27 (Tex. App.—Eastland, July 17, 2008, no pet.) (holding that, as a matter of law, a university's employees cannot conspire with the university); *Wilhite v. H.E. Butt Co.*, 812 S.W.2d 1, 5 (Tex. App.—Corpus Christi 1991, no

---

[5] Complaint at pp. 1-2 ("John Attanasio, defendant acting in his capacity as dean at Southern Methodist University . . .") ("Z. Fowler acting as an SMU police [officer] . . .").

writ) (holding that, as a matter of law, a corporation cannot conspire with itself, no matter how many agents of the corporation participate in the alleged conspiracy).

Similarly, Moody fails to plead how each Defendant was involved in the alleged conspiracy.[6] *Dantzler v. Pope*, 2009 WL 959508, at *1 (E.D. La. April 3, 2009) (requiring a Plaintiff to plead the personal involvement of the conspirators). A case should be dismissed when a Plaintiff fails to specifically allege what actions were taken demonstrating the existence of a conspiracy. *See Carr*, 619 F.Supp. at 97 (dismissing case where plaintiff "alleged no specific conduct indicative of a conspiracy," and noting that a § 1985 case should be dismissed when all the plaintiff alleges a that a conspiracy occurred "at some unspecified time, in an unspecified location, and in an unspecified manner, to somehow violate unspecified civil rights.").

Moody failed to plead that a constitutional right was infringed. Moody, citing *Brown v. Board of Education*, claims that the constitutional right he was deprived of was the right to "equal privileges to a college education." Complaint at p. 4. Moody's claim is curious in that he pleads that he is already an SMU law student and that he is currently enrolled at SMU.[7] Complaint at p. 2. Instead, Moody seems to complain that he was somehow deprived of this "right" because he was asked to leave SMU's campus and because someone hung up on him

---

[6] As an example Moody's sole allegation against Dean Attanasio is that someone told Moody that Dean Attanasio said he "don't want you Moody here." Complaint p. 4. Surely such an allegation cannot give rise to a cause of action regarding the depravation of constitutional rights. *See Iqbal*, 2009 WL 1361536 at *13-14 (allegations someone is the architect of a discriminatory policy is not sufficient to withstand a motion to dismiss).

[7] SMU does not admit that Moody is, or ever has been, enrolled as an SMU student. SMU merely cites this to demonstrate the inadequacy and inconsistency of Moody's pleadings.

when he called to ask about taking the Texas bar examination.[8]  Complaint at pp. 3, 8.  Plaintiff cites no authority, that hold that being asked to leave a private university campus, or that having someone hang up a telephone during a call, gives rise to a constitutional violation.  These are precisely the types of frivolous complaints which the Fifth Circuit noted Moody consistently brings and which do not give rise to constitutional violations.  *Moody,* 864 F.2d at 1179 n.1 (collecting examples of Moody's other frivolous constitutional claims).

Lastly, Moody has not met his burden of pleading racial animus.  *Garza*, 2008 WL 501292, at *5; *Anderson v. City of Dallas*, 116 Fed. Appx. 19, 32, 2004 WL 2428638, at * 11 (5th Cir. 2004).   Plaintiff furnishes no support for his conclusory allegation that the Defendants acts were race based.  *Hernandez v. City of El Paso*, 662 F.Supp.2d 596, 621 (W.D. Tex. 2009) (citing *Harris v. Ashby*, 2001 U.S. Dist. LEXIS 12113, at *17 (N.D. Tex. Mar. 5, 2001)) (conclusory allegations an act was race based is insufficient under 1985(3)).  Indeed, although Moody generally claims that the actions were based on "race", he does not state what race he is, what racial group is allegedly being targeted, what race the Defendants are, or why Defendants might harbor racial animus.

## C.  Moody is not entitled to recover for an alleged violation of the Fourteenth Amendment.

Plaintiff has attempted to plead a violation of the Fourteenth Amendment as if the Amendment directly affords him a private right of action.  No private right of action is available

---

[8] To the extent Moody is complaining that he or others should be admitted to SMU, this Court should dismiss his claim because there is no basis to justify the Court's involvement in deciding constitutional questions unless Plaintiff has academic credentials which make him an eligible candidate for admission. *See, e.g., Farmer v. Ramsay*, 159 F.Supp.2d 873, 888 n.41 (D.Md. 2001) ("Because the weakness of [Plaintiff's] application doomed it . . . the Court need not reach [the] constitutional question."); *Herron v. Virginia Com. University*, 366 F.Supp.2d 355, 368 (E.D.Va. 2004) ("administrators of professional schools are entitled to deference in their decisions to admit, retain, or dismiss a student when such evidence is lacking, as it is here."). Additionally, "Courts are particularly ill-equipped to evaluate academic performance." *Board of Curators of University of Missouri v. Horwitz*, 435 U.S. 78, 92 (1978)). This Court should follow the lead of the Fifth Circuit and others and refrain from  "judicial intrusion into academic decision making." *Selman v. Harvard Medical School*, 494 F. Supp. 603 (S.D.N.Y. 1980), Aff'd 636 F.2d 1204 (2nd Cir. 1980) (table); *Wheeler v. Miller*, 168 F.3d 241, 250 (5th Cir. 1999).

to Plaintiff under the Fourteenth Amendment. *See Wax 'n Works v. City of St. Paul*, 213 F.3d 1016, 1019 (8th Cir. 2000) (citing *Jett v. Dallas Independent School District*, 491 U.S. 701, 735 (1989)); *Hughes v. Bedsole*, 48 F.3d 1376, 1383 n.6 (4th Cir. 1994) (holding that the Fourteenth Amendment does not create a cause-of-action, and a Plaintiff instead must bring suit under an appropriate federal implementing statute which creates an action for the Constitutional violation). Further, even if Plaintiff had asserted a claim under some federal implementing statute there is, as a matter of law as shown *supra* in the section dealing with § 1985, no actionable violation of the Fourteenth Amendment.

Consequently, Plaintiff has not stated a claim on which relief can be granted by merely pleading that Defendants violated a "right" he allegedly has under the Fourteenth Amendment. His claim therefore should be dismissed.

**D.  Moody is not entitled to recover for an alleged violation of the First Amendment.**

Similarly, Plaintiff has attempted to plead a violation of the First Amendment as if the Amendment directly affords him a private right of action. "Precedent teaches that the First Amendment does not independently create a private cause of action." *Slovinec v. Illinois Dept. of Human Services,* 2005 WL 442555, at * 4  (N.D. Ill. Feb. 22, 2005); *Coffey v. Cox*, 218 F.Supp.2d 997, 1003 (C.D. Ill. 2002) ("[I]n order to bring a . . . claim under the First Amendment . . . a would-be plaintiff must use the statutory mechanism.).

Even if a private cause of action existed, Moody has failed to plead any set of facts that would show that his rights related to speech, press, assembly, religion or petition have been infringed. Moody's complaint never mentions any of those rights. As such, Moody's First Amendment claims should be dismissed.

**E. Moody is not entitled to recover for an alleged violation of the Fourth Amendment.**

Even if a private cause of action existed under the Fourth Amendment, Moody has failed to plead any set of facts that would show that his right to be free from unreasonable search and seizure have been infringed. Moody's complaint never mentions any search or seizure. As such, Moody's Fourth Amendment claims should be dismissed.

**F. Moody is not entitled to recover for an alleged violation of the Sixth Amendment.**

Even if a private cause of action existed under the Sixth Amendment Moody has failed to plead any set of facts that would show that his rights to a trial by jury, to confront witnesses, to speedy trial, to a public trial, or to counsel have been infringed. Moody's complaint never mentions anything having to do with any trial or the right to counsel. As such, Moody's Sixth Amendment claims should be dismissed.

**G. Moody is not entitled to recover for an alleged violation of the Eight Amendment.**

Even if a private cause of action existed under the Eighth Amendment, Moody has failed to plead any set of facts that would show that his rights to be free from excessive bail and cruel and unusual punishment have been infringed. The Eight Amendment "was designed to protect those convicted of crimes." *Ingraham v. Wright*, 430 U.S. 651, 664 (1977); *Zeigler,* 2008 WL 650335, at * 11. Moody's complaint does not contain allegations regarding any of the Defendants' conduct occurring after Plaintiff had been convicted of any crime, nor does it contain allegations implicating the prohibitions against excessive fines or bail. Therefore, Plaintiff has failed to establish the deprivation of his Eighth Amendment Rights and his claims should be dismissed. *See Zeigler v. Miskiewicz,* 2008 WL 650335, at * 11 (S.D. Ohio Mar. 5, 2008).

**H.  Moody is not entitled to recover for an alleged violation of the Thirteenth Amendment.**

Similarly, Plaintiff has attempted to plead a violation of the Thirteenth Amendment as if the Amendment directly affords him a private right of action.  However, "[n]o private cause of action exists under the Thirteenth Amendment." *Zeigler,* 2008 WL 650335, at * 11.

Even if a private cause of action existed under the Thirteenth Amendment, Moody has failed to plead any set of facts that would show that his rights to be free from slavery or involuntary servitude have been infringed.  *See id*. (dismissing plaintiff's thirteenth Amendment claim, *inter alia*, because he failed to correctly plead such claim).  Moody's complaint never mentions servitude of any kind or slavery. As such, Moody's Thirteenth Amendment claims should be dismissed.

**I.  Moody is not entitled to recover for an alleged violation of the Fifteenth Amendment.**

Even if a private cause of action existed under the Fifteenth Amendment, Moody has failed to plead any set of facts that would show that he has been denied the right to vote. Moody's complaint never mentions anything about voting.  As such, Moody's Fifteenth Amendment claims should be dismissed.

## VI.   CONCLUSION

Plaintiff has considerable outstanding sanctions pending against him and a long history of filing baseless lawsuits, as such his claims should be dismissed as frivolous under 28 U.S.C. § 1915(e).  In any case, Plaintiff's claims fail to state a cause of action on which relief can be granted because under the First, Fourth, Sixth, Eight, Thirteenth, Fourteenth, and Fifteenth Amendments cannot be asserted against SMU or its employees.  Those Amendments do not create a private right of action for Plaintiff.  Plaintiff's § 1985 claim should also fail because he failed to properly allege the elements of the claim.

WHEREFORE, SMU respectfully requests that the Court Dismiss Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  SMU also requests all further relief at law and in equity to which it may be justly entitled.

Dated: April 16, 2010.

Respectfully submitted,

<u>/s/ John H. McElhaney /s/</u>_____
John H. McElhaney
Texas Bar No. 13581000
Christopher M. Bass
Texas Bar No. 24050262
**LOCKE LORD BISSELL & LIDDELL LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201-6776
Telephone:  (214) 740-8000
Telecopier:  (214) 740-8800
**ATTORNEYS FOR DEFENDANTS**
**SOUTHERN METHODIST UNIVERSITY,**
**DEAN JOHN ATTANASIO AND OFFICER**
**ZACHARY FOWLER**

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing instrument was forwarded to the following parties consistent with the Federal Rules of Civil Procedure on this 16th day of April, 2010:

Cordell Moody
9030 Pinewood
Dallas, Texas 75243

                                        */s/ Christopher M. Bass /s/*
                                        Christopher M. Bass