IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CORDELL MOODY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0729-M |
| | § | |
| Z. FOWLER, ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Cordell Moody, a vexatious litigant who has been barred from filing suit in federal court until he pays all outstanding sanctions imposed against him, sued Southern Methodist University ("SMU"), the Dean of the SMU Law School, and a university police officer in Texas state court for federal civil rights violations.[1]  Defendants timely removed the case to federal court and filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e). Because plaintiff has sought leave to proceed *in forma pauperis*, the court must screen his complaint to determine whether the action is subject to summary dismissal.  *See Ruston v. Dallas County*, No. 3-07-CV-1076-D, 2008 WL 958076 at *2 (N.D. Tex. Apr. 9, 2008) (citing cases) (statutory screening provision of section 1915(e) applies to actions removed from state court).

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

---

[1] Plaintiff was declared a "vexatious litigant" by a Texas state judge in another case after the instant action was filed. *See Moody v. State of Texas*, No. DC-10-01788 (44th Dist. Ct., Dallas Co., Tex. Apr. 12, 2010).

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65.  The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

In his complaint, plaintiff asserts claims for:  (1) interference with his right to a "fair education" in violation of the First, Fourth, Sixth, Eighth, Thirteenth, Fourteenth, and Fifteenth Amendments to the United States Constitution; (2) use of excessive force; and (3) a civil rights conspiracy under 42 U.S.C. § 1985.  As best the court can decipher the facts giving rise to these claims, plaintiff apparently takes issue with his forcible removal from the SMU law library and his subsequent banishment from the campus.  Illustrative of plaintiff's allegations are his numerous

"wins" in fifty years as a civil rights attorney, a familial connection to attorney Johnnie Cochran, and a request that his birthday be made a national holiday. Plaintiff also complains that someone at SMU hung up on him when he called to ask permission to take the bar examination. By this suit, plaintiff seeks $4 million in damages and injunctive relief requiring defendants to perform community service and attend anger management classes.

Plaintiff has failed to state a cognizable claim for relief against any of the defendants. With respect to plaintiff's claim that defendants interfered with his right to receive a "fair education" by removing him from the SMU law library, no such right exists under the United States Constitution. *See Jeffrey v. Board of Trustees of Bells ISD*, 261 F.Supp.2d 719, 725 (E.D. Tex. 2003), *aff'd*, 96 Fed.Appx. 248, 2004 WL 1013393 (5th Cir. May 7, 2004), *citing San Antonio Independent School Dist. v. Rodriguez*, 411 U.S. 1, 35, 93 S.Ct. 1278, 1297, 36 L.Ed.2d 16 (1973) ("Education, standing alone, although of unquestioned importance, has not been recognized as a fundamental right arising directly under the federal constitution."). Plaintiff also fails to allege enough facts to give his excessive force claim "facial plausibility." Instead, plaintiff alleges only that "Defendant Z. Fowler started pulling on [my] L. arm useing [sic] excessive use of force. Plaintiff was forced off SMU campus by defendant Z. Fowler." (Plf. Compl. at 3). These allegations are insufficient to establish an excessive force claim under federal law. *See Collier v. Montgomery*, 569 F.3d 214, 218 (5th Cir. 2009) (citing cases) (to prevail on excessive force claim, plaintiff must establish: (1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable). Similarly, plaintiff has failed to allege facts showing class-based discriminatory animus and interference with a right that is protected against private as well as official enroachment--essential elements of a civil rights conspiracy under 42

-3-

U.S.C. § 1985. *See Yoes v. Owens*, No. 3-03-CV-1750-D, 2005 WL 440460 at *3 (N.D. Tex. Feb. 25, 2005), *citing Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268, 113 S.Ct. 753, 758, 122 L.Ed.2d 34 (1993). The other allegations in plaintiff's complaint, such as the request that his birthday be made a national holiday, should be dismissed as frivolous. *See Muina v. The KKK St. Joe Paper Co.*, No. 3-09-CV-0364-K, 2009 WL 1542531 at *2 (N.D. Tex. Jun. 1, 2009) (citing cases) (fantastic charges that are fanciful and delusional in nature are subject to summary dismissal under section 1915(e)(2)).

The court notes that plaintiff is no stranger to the civil justice system. Since 1989, he has been sanctioned three times by courts in the Eastern District of Texas, 11 times by courts in the Southern District of Texas, and three times by the Fifth Circuit for abuse of the judicial process while confined as a prisoner. Just two months ago, plaintiff was barred from filing any lawsuits in the Northern District of Texas until all outstanding sanctions are paid in full. *Moody v. John A.*, No. 3-10-CV-0057-N (N.D. Tex. Feb. 19, 2010). Because that order is silent as to removed cases, the court determines that plaintiff should be prohibited from proceeding with *any civil action* in this court--whether the action was originally filed in the Northern District of Texas, transferred to the Northern District of Texas by another federal court, or removed to the Northern District of Texas from state court--without first obtaining permission from a district judge or magistrate judge. *See Moody v. Jones*, No. 5-09-CV-183-DF, 2010 WL 1068174 at *4 (E.D. Tex. Mar. 22, 2010) (imposing similar sanction for cases filed by plaintiff in state court that are removed to federal court).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In addition, plaintiff should be prohibited from proceeding with any civil action in this court--whether

-4-

the action was originally filed in the Northern District of Texas, transferred to the Northern District of Texas by another federal court, or removed to the Northern District of Texas from state court-- without first obtaining permission from a district judge or magistrate judge.  If a civil action is properly transferred or removed to this court, the case should be subject to summary dismissal unless, within 30 days of the date of transfer or removal, plaintiff files a motion for leave to proceed with the action.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  April 28, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE